UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 5:16-mc-09001-DGK |
| *vs.* | )<br>) |
| JONATHAN RUSSELL, | )<br>) |
| Defendant. | ) |

**PLAINTIFF GREAT AMERICAN INSURANCE COMPANY'S BRIEF
RECOMMENDING A STAY PENDING APPELLATE DECISION**

**I. The Court Has the Authority to Issue a Stay.**

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). A court must "weigh competing interests and maintain an even balance" when evaluating a potential stay. *Landis*, 299 U.S. at 255. The court should consider the potential prejudice to the nonmoving party, hardship and inequity to the moving party if the case is not stayed, and the judicial resources that would be saved, as well as efficiency concerns regarding the prospect of narrowing the factual and legal issues. *Smokey Alley Farm Partnership v. Monsanto Co.*, No. 4:17 CV 2031 JMB, 2018 U.S. Dist. LEXIS 767 at *5-6 (E.D. Mo. Jan. 3, 2018). When parallel proceedings have significant overlap in issues, parties, and arguments, a stay is warranted. *Capitol Indemnity Corp. v. Haverfield*, 218 F.3d 872, 875 (8th Cir. 2000).

**II. Potential Prejudice May Result Without a Stay.**

An individual may be required to submit to a moderate delay if the public welfare will be promoted thereby. *Landis*, 299 U.S. at 256. FCIC established adjustment standards to further the requirement in 7 USC §1508(j)(1) that "*all claims for losses are adjusted, to the extent practicable, in a uniform and timely manner.*" To further that uniformity goal, federal law requires that FCIC provide any interpretations in accordance with 7 CFR part 400, subpart X or such other procedures as established by FCIC "*regarding whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision or procedure.*" 7 CFR §457.8 at ¶20(b)(4).

There is the potential for vastly different results in this case and the *Balvin* appeal. FCIC has stated that the very purpose of the nullification provisions is to ensure that "*all producers and AIPs are treated the same and the same standards apply to all.*" Final Agency Determination No. FAD-232 (Doc. No. 18-10). The public interest in a uniformly administered federal crop insurance program outweighs any potential prejudice a stay may cause.

**III. Policy Provisions Provide for Interest on Any Indemnity Ultimately Found Due.**

The Multiple Peril Crop Insurance Basic Provisions provide that interest accrues on any indemnity ultimately found to be due. 7 CFR 457.8 ¶26 (2011 Ed.). In addition, Russell has agreed that any recovery of crop insurance proceeds will be paid to third parties.[1] Russell will be adequately compensated in accord with the policy, should any indemnity be found due.

---

[1] Jonathan Russell is the sole shareholder of Lakeshore Farms, Inc. and included a statement regarding potential recovery of crop insurance proceeds in its First Amended Disclosure Statement in its bankruptcy case. First Amended Disclosure Statement filed by Lakeshore Farms, Inc. at 31, Subparagraph O, In re: Lakeshore Farms, Inc., U.S.B.C., W.D. of Missouri, Case No. 85-50077 (Bankr. W.D. Missouri January 31, 2019). That amended statement is Document. No. 184 in the docket for that bankruptcy case.

**IV. The Eighth Circuit's Decision Will Narrow the Issues and Promote Judicial Efficiency.**

The Eighth Circuit will almost certainly address the standard of review to be applied to an arbitration award issued under the federal crop insurance arbitration clause that is in issue in both this case and the *Balvin* one. 7 CFR 457.8 ¶20 (2011 Ed.).

The crux of both the *Balvin* case and this one is: When an arbitrator makes an award that contains an interpretation, the policy says there is no award at all because it was automatically nullified due to that interpretation. Can a court ignore that, pretend there is a binding award despite that nullification occurrence, and then apply FAA analysis to it? Both this Court and the appellate court face that threshold issue. Enforcing the arbitration clause as written results in nullification if the award contains *any* arbitrator interpretations of policy or procedure. A vastly different outcome will occur if the court applies the extremely deferential standard of the FAA to an award that is nullified according to the policy terms, effectively negating the prohibition against interpretation of policy and procedure agreed upon by the parties. The Eighth Circuit's opinion should provide this court with guidance regarding how to proceed and whether the FAA bears on that decision.

In the *Balvin* appeal, Rain and Hail argues that a district court incorrectly applied a less deferential standard of review of an arbitration award after it determined that there was a dispute over an interpretation of FCIC procedure. Brief of Appellant/Cross-Appellee Rain and Hail, LLC at 30, *Balvin v. Rain and Hail, LLC*, No. 18-3018 (8th Cir. December 4, 2018). But the extreme deference that Rain and Hail argues would apply does not achieve the result that FCIC drafted the nullification provision to accomplish; namely not affecting one party unfairly over the other. See 83 Fed. Reg. 66574, 66575-66576 (December 27, 2018) (Doc. No. 34-3).

3

Balvin contends that the federally-mandated arbitration clause requires nullification of the award if issues of policy interpretation or crop insurance procedure are involved and the arbitrator does not request FCIC guidance, regardless of how the arbitrator decides those issues. Brief of Appellee/Cross-Appellant Terry R. Balvin at 15, *Balvin v. Rain and Hail, LLC*, No. 18-3018 (8th Cir. February 6, 2019). Balvin argues that a court cannot confirm a crop insurance arbitration award when the court concludes that the arbitration award contains a prohibited policy or procedure interpretation. Brief of Appellee/Cross-Appellant Terry R. Balvin at 22.

A stay will promote judicial efficiency, allowing this court the opportunity to incorporate the Eighth Circuit's decision and potentially avoiding need for further appeal of this case.

## V. Conclusion

The parties in the *Balvin* case have submitted their briefs and the Eight Circuit screened the case for oral argument on March 21, 2019, but oral argument has yet to be scheduled. *Balvin v. Rain & Rail, LLC*, 336 F. Supp. 3d 1008, 1016 (D.S.D. 2018), appeal docketed, No. 18-3018 (8th Cir. Sep. 20, 2018). A stay that by its terms will continue only through the Eighth Circuit's decision in *Balvin*, regardless of whether either party seeks a further appeal, would be a moderate stay that would effectively balance the public's interest in furthering uniform application of the Federal Crop Insurance Program and the court's interest in narrowing the issues and judicial efficiency. In the interim, as other courts have requested that FCIC provide an amicus brief to assist with policy and procedure interpretations, the court may want to consider same.[2]

---

[2] *Davis v. Producers Agricultural Insurance Co.*, 762 F.3d 1276, 1284 25 Fla. L. Weekly Fed. C 266 (11th Cir. 2014). Also see *Williamson Farm v. Diversified Crop Insurance Services*, No. 5:17-CV-513-D, 2018 U.S. Dist. LEXIS 49249 at *2 (E.D.N.C. Mar. 26, 2018).

Respectfully submitted,

By: /s/ *John. L. Hayob*
John Hayob
BROWN & RUPRECHT, PC
2323 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108-2670
Phone: (816) 292-7014
Fax: (816) 292-7050
jhayob@brlawkc.com

and

*/s/ Thomas C. James, Jr.*
Thomas C. James, Jr., Esq. (OH Bar No. 0073531)
*(Admitted Pro Hac Vice)*
SANDERS & ASSOCIATES, LPA
8041 Hosbrook Road, Suite 315
Cincinnati, OH 45236
Phone: (513) 229-8080
Fax: (513) 229-8081
TomJames@SandersLPA.com
**Attorneys for Plaintiff Great American**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel for Defendant Jonathan Russell, this 12th day of August, 2019.

*/s/ John L. Hayob*
**John L. Hayob**